IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Petra Isaman, Yilian Ramirez and Nallely Mendoza, On Behalf of Themselves and All Others Similarly Situated<br><br>Plaintiffs,<br><br>v.<br><br>Housekeeping Services of Hilton Head, LLC., Southern Tides Cleaning LLC, and David L. Myers, *Individually,*<br><br>Defendants. | CIVIL ACTION NO.: 9:17-cv-00800-PMD<br><br>COLLECTIVE ACTION COMPLAINT<br>(Jury Trial Requested) |

Plaintiffs Petra Isaman, Yilian Ramirez, and Nallely Mendoza, individually, and on behalf of all others similarly situated, by way of their Complaint, allege and show unto this Honorable Court the following:

**NATURE OF CLAIM**

1. Plaintiffs bring this lawsuit seeking recovery against Defendants for Defendants' overtime violations under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq.

2. The Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and other similarly situated employees of the Defendants who suffered damages as a result of Defendants' violations of the FLSA.

3. Plaintiffs also bring individual and class claims for unpaid wages under the South Carolina Payment of Wages Act, S.C. Code Ann § 41-10-10, *et seq*. (SCPWA).

4. Plaintiff Isaman also brings this action for unlawful retaliation pursuant to Fair Labor Standards Act, 29 U.S.C. § 215(a)(3) *et seq*.

## CLASS CLAIMS

5. Specifically, Plaintiffs bring this suit on behalf of a class of similarly situated persons composed of:

*All current and former laundry workers who have worked for Defendants during the statutory period covered by this Complaint.*

6. Plaintiffs allege on behalf of the Collective Class and SC Class that Defendants violated Federal and South Carolina state laws by, *inter alia*: improperly denying to pay all hourly wages that have become due and owed.

## PARTIES, JURISDICTION AND VENUE

7. Plaintiff Petra Isaman is a resident of Hilton Head, South Carolina.

8. Plaintiff Yilian Ramirez is a resident of Hilton Head, South Carolina.

9. Plaintiff Nallely Mendoza is a resident of Hilton Head, South Carolina.

10. Defendant, Housekeeping Services of Hilton Head, LLC, is a for-profit Delaware corporation, registered with the South Carolina Secretary of State.

11. Defendant, Southern Tides LLC, is a for-profit corporation, registered with the South Carolina Secretary of State.

12. Defendant, David L. Myers, is the owner, President and Chief Executive Officer of Housekeeping Services of Hilton Head, LLC; a for profit corporation that employs persons such as Plaintiffs and other similarly situated customer service representatives to work on his behalf in providing labor for the business. Defendant Myer is within the personal jurisdiction and venue of this Court.

13. Venue is proper in this District because the Defendants have conducted substantial, continuous and systematic commercial activities in Hilton Head Island. Additionally, the unlawful labor practices and policies giving rise to Plaintiffs' claims were committed in the Beaufort Division of this Court.

14. This Court has jurisdiction of the Plaintiffs' claims brought under the FLSA pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216 (b).

15. Upon information and belief, this action satisfies the requirements of Rule 23(a), Fed. R. Civ. P., as alleged in the following particulars:

    a. The proposed Plaintiffs' class is so numerous that joinder of all individual members in this action is impracticable;

    b. There are questions of law and/or fact common to the members of the proposed Plaintiffs' class;

    c. The claims of Plaintiffs, the representative of the proposed Plaintiffs' class, are typical of the claims of the proposed Plaintiffs' class; and

    d. Plaintiffs, the representative of the proposed Plaintiffs' class, will fairly and adequately protect the interests of the class.

16. In addition, upon information and belief, this action satisfies one or more of the requirements of Rule 23(b), Fed. R. Civ. P., because the questions of law and/or fact common to the members of the proposed Plaintiffs' class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

17. In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 over Plaintiffs' pendent claims, which are brought pursuant to the law of the State

of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

**Facts**

18. Defendant, Housekeeping Services of Hilton Head, LLC., is the Lowcountry's largest and most diverse cleaning company, providing resort housekeeping, residential maid service, business janitorial services, as well large scale commercial laundry and linens for the area's hotels, resorts, restaurants, and property management companies. All of these services are provided year-round, seven days a week. http://www.housekeepingserviceshhi.com/

19. David L. Myers is the President and Chief Executive Officer of Housekeeping Services of Hilton Head, LLC. Defendant Myers acted directly and/or indirectly in the interest of Defendants in relation to Plaintiffs and similarly situated employees. Defendant Myers managed and operated, the laundering facility and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business. By such control and authority, Defendant Myers was an employer of Plaintiffs as such term is defined by the Act. 29 U.S.C. §201 *et seq*.

20. Upon information and belief, Southern Tides Cleaning LLC also does business as Housekeeping Services of Hilton Head, LLC.

21. Plaintiffs' pay stubs state Southern Tides Cleaning LLC.

22. Plaintiffs were employed at Defendants' commercial laundry facility located at 10A Dunnalan's Alley, Hilton Head, SC. The Defendants process millions of pounds of linens for resorts, hotels, and restaurants.

23. Plaintiffs primary responsibilities include laundering, drying, ironing, and folding linens for commercial use.

24. Plaintiffs worked in a large un air-conditioned warehouse. Plaintiffs were responsible for operating loud machines that ran continuously.

25. Plaintiff Petra Isaman was employed by the Defendants from approximately November of 2014 until approximately March 2016.

26. Plaintiff Yilian Ramirez was employed by the Defendants from approximately May of 2013 until approximately September of 2016.

27. Plaintiff Nallely Mendoza was employed by the Defendants from approximately April of 2016 until approximately July 2016.

28. Plaintiffs and other similarly situated laundry workers had an employment agreement with the Defendants, whereby the Defendants agreed to pay them an hourly wage for all hours worked and this compensation would be consistent with all applicable laws, including federal and state wage and hour laws.

29. Plaintiffs and similarly situated laundry workers, were not paid time and half of their regular hourly rate when they worked over forty (40) hours a week.

30. At all times, relevant to this complaint, Plaintiffs and other similarly situated laundry were non-exempt employees for purposes of the overtime compensation provisions of the FLSA.

31. Plaintiffs and similarly situated laundry employees, worked longer than forty (40) hours in a week without being compensated at a rate of one-and-a-half times their regular rate of pay as required by 29 U.S.C. § 207(a).

32. Plaintiffs and similarly situated laundry workers regularly worked approximately forty-five (45) to fifty-two (52) hours in a work week and were not paid time and half of their regular hourly rate for the hours they worked over forty (40).

33. Plaintiffs and similarly situated laundry workers were not able to take a bone fide meal break of at least thirty (30) minutes.

34. Plaintiffs and similarly situated laundry workers were not compensated for their meal breaks.

35. Plaintiffs and similarly situated laundry workers' meal breaks were twenty (20) minutes or less.

36. Plaintiffs and similarly situated laundry workers were often not compensated for restroom breaks which were five (5) to ten (10) minutes.

37. Plaintiffs were required to get a supervisor's permission to use the restroom and were regularly required to punch out when they were allowed to take a restroom break.

38. Plaintiffs, short breaks were not considered time worked, which was in violation of 29 CFR 785.18, stating rest periods of short duration, running from five (5) minutes to about twenty (20) minutes, must be counted as hours worked.

39. As a result of, the Defendants policies regarding breaks, the Plaintiffs were regularly not compensated for at least thirty (30) minutes to (45) forty-five minutes per scheduled shift.

40. In some workweeks, this caused Plaintiffs and other similarly situated employees to work more than forty (40) hours without receiving overtime compensation for the hours beyond forty (40) in that week. In other workweeks, this caused Plaintiffs

and similarly situated employees to perform work without receiving their hourly rate of pay for all hours worked.

41. Plaintiffs' supervisors were aware that Plaintiffs and other similarly situated laundry workers were not being paid for breaks of short duration. The Plaintiffs and similarly situated laundry workers were instructed to "clock out" for meal breaks less than twenty (20) minutes and for restroom breaks.

42. Plaintiffs discussed with each other and with their co-workers, their concerns about NOT being paid over time compensation; the extreme heat in the warehouse; and the difficulty they had taking rest room breaks. The employees agreed that Plaintiff Isaman was best suited to bring these concerns to their supervisors on everyone's behalf. Because Plaintiffs and similarly situated laundry workers speak Spanish and very little English, the workers hired a Spanish Interpreter to assist them with explaining their concerns. When Plaintiff Isaman and the Spanish Interpreter attempted to raise these issues the supervisor terminated Plaintiff Isaman and ordered the Spanish interpreter off the property under threat of arrest.

43. The Defendants promulgated the policies and practices that violated the FLSA. Plaintiffs supervisors enforced the break policy, the failure to pay overtime and the practice of retaliating against employee that complained, per the chain of command set forth by the Defendants.

44. Plaintiff Isaman's complaint to the Defendants was sufficiently clear and detailed for the Defendants to understand the nature of the complaint and that it constituted protected activity under the FLSA's anti-retaliation provision.

45. The Defendants had fair notice that Plaintiff Isaman's complaint was protected activity. Plaintiff Isaman was terminated because she complained to the Defendants about wage theft.

46. Defendants actions were not in good faith or based upon a reasonable belief that they were not violating applicable laws.

47. Housekeeping Services of Hilton Head, LLC., Southern Tides Cleaning LLC, and David L. Myers are Joint Employers of the Plaintiffs and similarly situated laundry workers.

48. The Defendants shared and agreed to allocate responsibility for Plaintiffs and similarly situated laundry workers and to co-determine the key terms and conditions of their work such as the hours worked and rate of pay.

49. The work that Plaintiffs and similarly situated laundry workers performed was done on the premises owned and controlled by all of the Defendants with equipment that is owned jointly by the Defendants.

50. The Defendants jointly share and allocate responsibility regarding Plaintiffs and similarly situated laundry workers, Southern Tides Cleaning LLC handles payroll.

51. The Defendants also shared management over Plaintiffs and similarly situated laundry workers.

52. The Plaintiffs and similarly situated laundry workers, performed work for all the Defendants which is not completely dissociated with respect to their employment.

**FOR A FIRST CAUSE OF ACTION**
(Fair Labor Standards Act–Failure to Pay Overtime Wages)
(Individual and Collective Action)

53. Plaintiffs, on behalf of themselves and all similarly situated employees, reallege and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

54. At all times, pertinent to this Complaint, each Defendants were an "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by 29 U.S.C. § 203(s).

55. At all times, pertinent to this Complaint, Plaintiffs and similarly situated employees were "engaged in commerce or in the production of goods for commerce" as that term is defined within 29 U.S.C. §207.

56. At all times, relevant herein, each Defendants were an "employer" of Plaintiffs and similarly situated employees as that term is defined by 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

57. Defendants required Plaintiffs and similarly situated employees to work "off the clock" by failing to compensate them for the mandatory pre-shift meetings during a workweek for which they were "employed" as that term is defined under 29 U.S.C. § 203(g) of the Fair Labor Standards Act.

58. Defendants employed Plaintiffs and similarly situated employees for workweeks longer than forty (40) hours without compensating Plaintiffs and similarly situated employees at a rate of one-and-a-half times their regular rate of pay as required by 29 U.S.C. § 207(a).

59. Plaintiffs and similarly situated employees are entitled to unpaid overtime compensation at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, liquidated damages in an equal

amount, and their reasonable attorneys' fees and costs incurred in bringing this action pursuant to 29 U.S.C. § 216(b).

60. Defendants' violations of the FLSA were either willful or in reckless disregard of complying with the FLSA.

**FOR A SECOND CAUSE OF ACTION**
(FLSA–Retaliation)
(Individual Action)

61. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

62. Plaintiff Isaman complained about pay practices of Defendants that were unlawful under the FLSA.

63. Plaintiff Isaman engaged in "protected conduct" by notifying the Defendants about the FLSA violations alleged herein so the Defendant would have the opportunity to rectify the wage violations.

64. Defendants responded by immediately terminating Plaintiff Isaman.

65. Defendants knew that Plaintiff Isaman was being retaliated against because she spoke up concerning wage hour violations.

66. Defendants did nothing to rectify the wage and hour violations that Plaintiff Isaman complained about.

67. Defendants willfully, intentionally, and unlawfully retaliated against Plaintiff Isaman based on her lawful complaints of wage-hour violations.

68. Defendants are liable for the acts of individual supervisors, managerial employees, and/or the acts of their agents.

69. Defendants are subject to individual liability pursuant to 29 U.S. C. §§203(e)(l) and 215(a)(3) for the retaliatory conduct.

70. Defendants have terminated Plaintiff Isaman as a result of her protected conduct.

71. Defendants have willfully violated the anti-retaliation provisions of the FLSA, which prohibit "any person" from "discharging or in any other manner discriminating against an employee because that employee has engaged in protected conduct." 29 U.S.C. § 215(a)(3).

72. As a result of Defendants' willful violations of the FLSA, Plaintiff Isaman is entitled to recover from Defendants for front-pay, back-pay, reasonable attorneys' fees and costs/disbursements of prosecuting this case, plus liquidated damages, and post-judgment interest.

**FOR A THIRD CAUSE OF ACTION**
(South Carolina Payment of Wages Act)
(Individual and Class Action)

73. Plaintiffs, on behalf of themselves and all similarly situated employees, realleges and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

74. At all relevant times, Defendants have employed, and/or continues to employ, Plaintiffs and each of the SC Class Members within the meaning of the South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10 to 110 (SCPWA). Plaintiffs and the SC Class members are "employees" and are not free from the control and direction of Defendants.

75. Plaintiffs and similarly situated employees worked for Defendants with the clear understanding and agreement by Defendants that their compensation would be consistent with all applicable laws, including federal and state wage and hour laws.

76. Plaintiffs and similarly situated employees had an employment agreement with Defendants whereby they would be paid for all hours worked.

77. Each Defendant is an "employer" as defined by the S.C. Code Ann § 41-10-10(1).

78. S.C. Code Ann § 41-10-10(2) defines wages as "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract".

79. Defendants owe Plaintiffs and the members of the Plaintiffs' class "wages" for the breaks of short duration as defined in S.C Code Ann. § 41-10-10 (2) of the SCPWA, to compensate them for labor rendered to Defendants, as promised to Plaintiffs and similarly situated employees and as required by law.

80. Pursuant to the SCPWA, "[a]n employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law. . . ." S.C. Code Ann. § 41-10-40(C).

81. Defendants have failed to pay Plaintiff and similarly situated laundry workers all wages due, as required by SCPWA.

82. Defendants improperly deducted money from Plaintiff and similarly situated employees' wages, in violation of the SCPWA by requiring Plaintiff to work "off the clock".

83. Defendants have failed to pay Plaintiff and the members of the Plaintiff's class all wages due, as required by the SCPWA, S.C. Code §§41-10-40 and -50.

84. Defendants also failed to pay Plaintiff and similarly situated servers according to their employment agreement. Accordingly, Plaintiff as well as similarly situated employees are entitled to receive all compensation due and owing to them including recovery of the time they spent working "off the clock" that Defendants unlawfully took from them.

85. Accordingly, Plaintiff as well as similarly situated employees are entitled to receive all compensation due and owing to them including recovery of their wages that Defendants withheld and/or took from Plaintiff in violation of state or federal law.

86. As a result of Defendant's unlawful policies and practices as set forth above Plaintiffs and similarly situated employees have been deprived of compensation due and owing which Defendant promised to pay in their commitment to abide by applicable wage and hour laws and in violation of the SCPWA's mandate that no wages be withheld or diverted unless required or permitted under applicable law.

87. Defendant has set and withheld wages of the Plaintiffs and similarly situated employees without providing advance notice of such amounts and absent any lawfully sufficient reason for such conduct.

88. Pursuant to S.C. Code § 41-10-80(C), Plaintiff and the members of the Plaintiffs' class are entitled to recover in this action an amount equal to three times the full

amount of their unpaid wages, or their wrongfully deducted wages, plus costs and reasonable attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all other similarly situated employees, seek judgment against the Defendants as follows:

a. That this Court certify this action as a collective action pursuant to 29 U.S.C. § 216 (b);

b. An award of compensatory damages in an amount equal to the unpaid overtime compensation owed to Plaintiffs and similarly situated employees pursuant to 29 U.S.C. § 216(b);

c. An award of liquidated damages in an amount equal to the award of compensatory damages pursuant to 29 U.S.C. § 216(b);

d. Judgment against Defendants for the time Plaintiffs were required to work "off the clock"

e. An award of treble damages pursuant to the South Carolina Payment of Wages Act;

f. An award of the reasonable attorneys' fees and costs incurred by Plaintiffs and similarly situated employees in bringing this action; and

g. Judgment against the Defendants for front-pay, back-pay, for Plaintiff Isaman;

h. All such further relief as the Court deems just and equitable.

## **JURY DEMANDED**

Plaintiffs Isaman, Ramirez and Mendoza on their behalf and on behalf of all other similarly situated employees, hereby demand a trial by jury.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney (Fed. Bar No. 11162)
Mullaney Law
1037-D Chuck Dawley Blvd, Suite 104
Mount Pleasant, South Carolina 29464
 (800) 385-8160 Phone & Fax
marybeth@mullaneylaw.net

*Attorney for Plaintiffs*


March 26, 2017
Mount Pleasant, South Carolina.